IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| NIMESH R. THAKKAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-0841 |
| GIMHANA K. BALASURIYA, | § | |
| THERES M. LOWE, and BALASURIYA | § | |
| BROTHERS, INC. d/b/a GM VIDEO | § | |
| d/b/a ABC VIDEO, | § | |
| | § | |
| Defendants. | § | |


**MEMORANDUM OPINION AND ORDER**


Plaintiff, Nimesh R. Thakkar, brings this action against defendants, Gimhana K. Balasuriya, Theres M. Lowe, and Balasuriya Brothers, Inc. d/b/a GM Video d/b/a ABC Video, to collect unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  Pending before the court is Defendants' Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata (Docket Entry No. 20).  For the reasons explained below, the defendants' motion for reconsideration will be granted, the August 6, 2009, Memorandum Opinion and Order will be vacated, and the Defendants' Motion for Summary Judgment will be granted.


**I.  Procedural Background**

On March 22, 2009, Thakkar filed the instant action under the FLSA, 29 U.S.C. § 216(b), and Chapter 21 of the Texas Labor Code,

naming as defendants Balasuriya, Lowe, and Balasuriya Brothers, Inc. d/b/a GM Video d/b/a ABC Video (Docket Entry No. 1).   On June 23, 2009, defendants filed a Motion for Summary Judgment on the Basis of Res Judicata (Docket Entry No. 7).   On July 10, 2009, Thakkar filed a Response and Opposition to Defendants' Motion for Summary Judgment (Docket Entry No. 8), and on July 23, 2009, defendants filed a Reply in Support of Motion for Summary Judgment on the Basis of Res Judicata (Docket Entry No. 14).   On August 6, 2009, the court issued a Memorandum Opinion and Order (Docket Entry No. 17) denying the defendants' motion for summary judgment.   On August 22, 2009, defendants filed the pending Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata (Docket Entry No. 20).

## II.  <u>Standard of Review</u>

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.   <u>See</u> <u>Shepherd v. International Paper Co.</u>, 372 F.3d 326, 328 n.1 (5th Cir. 2004). <u>See also</u> <u>St. Paul Mercury Insurance Co. v. Fair Grounds Corp.</u>, 123 F.3d 336, 339 (5th Cir. 1997).   If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.   <u>See</u> <u>Shepherd</u>, 372 F.3d at 328 n.1 (5th Cir. 1998).   However, since a court retains the power to revise an interlocutory order before the entry

of judgment adjudicating all the parties' claims, rights, and liabilities, <u>see</u> Fed. R. Civ. P. 54(b), the ten-day deadline does not apply to motions for reconsideration of interlocutory orders. Thus, a court may apply Rule 59(e)'s standards to a motion for reconsideration of an interlocutory order as long as the motion is not unreasonably delayed. <u>See</u> <u>Standard Quimica De Venezuela v. Cent. Hispano International, Inc.</u>, 189 F.R.D. 202, 205 (D.P.R. 1999).

This court's August 6, 2009, Memorandum Opinion and Order is an interlocutory order that disposed of the defendants' motion for summary judgment on the basis of res judicata but did not finally resolve any of the outstanding claims and issues raised in this action. Therefore, despite having been filed more than ten days after the court issued the Memorandum Opinion and Order at issue, the court concludes that the defendants did not unreasonably delay the filing of their motion and that the defendants' motion should, therefore, be considered under the standards applied to Rule 59(e) motions. <u>See</u> <u>id.</u>

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" <u>Templet v. HydroChem Inc.</u>, 367 F.3d 473, 478-79 (5th Cir.), <u>cert. denied</u>, 125 S.Ct. 411 (2004) (quoting <u>In re TransTexas Gas Corp.</u>, 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit has held that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." <u>Id.</u> at 479 (citing <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir.

-3-

1990)).  A motion to alter or amend the judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  <u>Id.</u>  Relief on this basis is also appropriate when there has been an intervening change in the controlling law.  <u>See Schiller v. Physicians Resource Group Inc.</u>, 342 F.3d 563, 567 (5th Cir. 2003).  The Fifth Circuit has warned that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly.  <u>Templet</u>, 367 F.3d at 479.

### III.  <u>Analysis</u>

Defendants seek reconsideration of the August 6, 2009, Memorandum Opinion and Order on grounds that (1) the court failed to address their motion for summary judgment on the state law claims that Thakkar asserted under Chapter 61 of the Texas Labor Code, and (2) the court applied the analysis from <u>University of Tennessee v. Elliott</u>, 106 S.Ct. 3220, 3224 (1986), and <u>Astoria Federal Savings and Loan v. Solimino</u>, 111 S.Ct. 2166 (1991), too expansively.[1]

**A.   State Law Claim**

Asserting that "[t]he [c]ourt did not address Thakkar's State Law Claim,"[2] defendants seek summary judgment on the claim that

---

[1]Defendants' Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata, Docket Entry No. 14, p. 2.

[2]<u>Id.</u> at 1.

Thakkar asserted under Chapter 61 of the Texas Labor Code.
Defendants explain that

> [i]n the Memorandum Opinion and Order dated August 6,
> 2009, the Court held that the decision and findings of
> the Texas Workforce Commission [TWC] did not preclude
> Thakkar from pursuing a claim under the FLSA.  Thakkar's
> FLSA [claim] is contained in his First Claim for Relief.
> Plaintiff's Original Complaint at 6-7.  However, Thakkar
> has alleged a Second Claim for Relief that arises solely
> under Texas law.  Plaintiff's Original Complaint at 7-8.
> The Court did not address the Second Claim for Relief.
>
> The Second Claim for Relief alleges that Defendants
> violated Chapter 61 of the Texas Labor Code.  In fact,
> Chapter 61 contains all of the provisions governing the
> prior TWC proceeding between Thakkar and Defendants.  *See*
> Defendants' Motion for Summary Judgment on the Basis of
> Res Judicata at 3-4 (listing the various provisions of
> Chapter 61 that governed the TWC proceeding).
> Accordingly, the Second Claim for Relief is a direct
> attempt to relitigate the TWC proceeding.
>
> Even if the Court adheres to its holding with
> respect to the TWC proceeding, the state law claims must
> be dismissed on the basis of res judicata in light of
> Igal v. Brightstar Technology Group, Inc., 250 S.W.3d 78,
> 86-89 (Tex. 2007).  There are no special federal
> interests implicated by Thakkar's state law claim.
> Accordingly, the Court should grant this motion and
> dismiss the Second Claim for Relief with prejudice.[3]

In his Original Complaint Thakkar asserted two claims, one for
unpaid overtime compensation under the FLSA and another for unpaid
wages in violation of the Texas Labor Code, Chapter 61.[4]  The
August 6, 2009, Memorandum Opinion and Order addressed the
defendants' motion for summary judgment on Thakkar's FLSA claim,
but did not address the defendants' motion for summary judgment on

---

[3]Id. at 1-2.

[4]Plaintiff's Original Complaint, Docket Entry No. 1, pp. 6-8.

-5-

the claim that Thakkar asserted under the Texas Labor Code.  In response to the defendants' motion for summary judgment Thakkar acknowledged that following the Texas Supreme Court's decision in Iqal, 250 S.W.3d at 78, "res judicata barred a subsequent state court claim after the TWC's final decision in the employee's case under the Texas Payday Law."[5]  Moreover, in response to defendants' motion for reconsideration Thakkar does not dispute the defendants' contention that under Iqal any claims he has asserted or attempted to assert under Chapter 61 of the Texas Labor Code are barred by res judicata.[6]  The court concludes that defendants' motion for reconsideration of the order denying their motion for summary judgment with respect to Thakkar's claim for relief under Chapter 61 of the Texas Labor Code should be granted.

**B.   Federal Law Claims**

   1.   The August 6, 2009, Memorandum Opinion and Order

   Citing the Full Faith and Credit Statute, 28 U.S.C. § 1738, and the Texas Supreme Court's opinion in Iqal, 250 S.W.3d at 78, defendants argued in their motion for summary judgment that they are entitled to summary judgment because under Texas law "a TWC determination in a Texas Payday Law proceeding is entitled to a res

---

   [5]Plaintiff's Response and Opposition to Defendants' Motion for Summary Judgment on the Basis of Res Judicata, Docket Entry No. 8, p. 4.

   [6]Plaintiff's Response and Opposition to Defendants' Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata, Docket Entry No. 21.

judicata effect."[7]  However, since the TWC decision at issue has not been reviewed by a state court, the court concluded that defendants' motion for summary judgment on Thakkar's FLSA claims was not governed by the Full Faith and Credit Statute, 28 U.S.C. § 1738, as the defendants argued, but instead by the common law analysis articulated by the United States Supreme Court in University of Tennessee v. Elliott, 106 S.Ct. 3220 (1986), and Astoria Federal Savings and Loan v. Solimino, 111 S.Ct. 2166 (1991).  The court denied the defendants' motion for summary judgment on the basis of res judicata because (1) movants seeking summary judgment on the basis of an affirmative defense like res judicata bear the burden of proving that they are entitled to judgment as a matter of law, see Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986); and (2) the legal authority on which defendants based their motion for summary judgment -- the Full Faith and Credit Statute, 28 U.S.C. § 1738 -- did not entitle defendants to judgment as a matter of law because the TWC decision on which they based their motion has not been reviewed by a state court, see Elliott, 106 S.Ct. at 3224 ("[28 U.S.C.] § 1738 governs the preclusive effect to be given the judgments and records of state courts, and is not applicable to the unreviewed state administrative factfinding at issue in this case").

---

[7]Defendants' Motion for Summary Judgment, Docket Entry No. 7, p. 3.

2.  <u>Defendants' Reasons for Reconsideration</u>

Without disputing the court's conclusions that the Full Faith
and Credit Statute, 28 U.S.C. § 1738, does not entitle defendants
to summary judgment on Thakkar's FLSA claims because the TWC
decision at issue has not been reviewed by a state court, or that
the question of whether Thakkar's FLSA claims are barred by res
judicata is governed by the <u>Elliott/Astoria</u> line of cases,
defendants seek reconsideration of the court's denial of their
motion for summary judgment on Thakkar's FLSA claims on the basis
of res judicata by asserting that "[b]ecause neither party raised
the issue, it has not been briefed."[8]  Then, asserting that "[t]he
Court interpreted <u>Elliott/Astoria</u> expansively, going so far as to
place the burden on Defendants to prove legislative intent that res
judicata should be applicable to this case,"[9] defendants contend
that the TWC decision at issue "is entitled to preclusive effect in
an FLSA case."[10]  Defendants explain that

> [t]he general rule is that state administrative decisions
> have preclusive effect.  There must be a basis for
> finding legislative intent to the contrary.  If the
> legislative history is silent (as is the case here) and
> the structure of the statute does not evidence
> legislative intent to the contrary (as is also the case

---

[8]Defendants' Motion for Reconsideration of Order Denying
Summary Judgment on the Basis of Res Judicata, Docket Entry No. 20,
p. 2.

[9]<u>Id.</u>

[10]<u>Id.</u> at 3.

-8-

here), then the correct conclusion is that res judicata is applicable.[11]

Defendants explain further that

> [r]es judicata applies except in "exceptional cases"
> involving specialized administrative schemes, such as the
> EEOC review process for Title VII and ADEA cases.
> Because the FLSA is not one of those "exceptional cases,"
> and because there is nothing to overcome the presumption
> that Congress intended res judicata to be applicable, the
> correct conclusion is that the TWC findings in this case
> are entitled to preclusive effect.[12]

### 3.  Thakkar's Response to the Motion for Reconsideration

Thakkar responds that defendants have failed "to put forth any argument or educate us of any law that would allow a meritorious reconsideration."[13]   Thakkar also responds that defendants "erroneously argue that 'FLSA claims are not governed by a scheme enforced by the EEOC or any like agency,' despite the fact that the U.S. Department of Labor does exactly that."[14]

### 4.  Analysis

The court's initial decision to deny the defendants' motion for summary judgment was based on the fact that the defendants had neither identified nor briefed the applicable law, i.e., the

---

[11]Id. at 5.

[12]Id. at 6.

[13]Plaintiff's Response and Opposition to Defendants' Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata, Docket Entry No. 21, p. 1.

[14]Id. at 2.

analysis that the Supreme Court initially applied to race discrimination claims in Elliott, 106 S.Ct. at 3220, and applied again to age discrimination claims in Astoria, 111 S.Ct. at 2166. Although defendants have not offered any explanation for why they failed to seek summary judgment on the basis of the applicable law, since their motion for reconsideration is based on that law, and since Thakkar has responded to the defendants' motion for reconsideration based thereon, both parties have now had the opportunity to address the issue of how that law should be applied to the undisputed facts of the instant case.  For the reasons explained below, the court concludes that Thakkar's FLSA claims are not exempt from common law preclusion and that the FLSA claims that Thakkar has asserted in this action are barred by collateral estoppel (issue preclusion).

(a)  FLSA Claims Not Exempt from Common Law Preclusion

In Elliott, 106 S.Ct. at 3226, the Supreme Court held that a presumption in favor of the common law doctrines of preclusion did not apply to the plaintiff's Title VII claims, but did apply to all of the plaintiff's other claims.  However, the Court cautioned that "Congress of course may decide, as it did in enacting Title VII, that other values outweigh the policy of according finality to state administrative factfinding." Id. at n.7.  The Fifth Circuit has explained that the rule fashioned in Elliott allows courts "to determine whether common law preclusion should apply . . . [to

administrative fact-finding by considering] whether the policies favoring full faith and credit, including repose and federalism concerns . . . outweigh the federal interest present." American Airlines, Inc. v. Department of Transportation, 202 F.3d 788, 800 (5th Cir.), cert. denied, 120 S.Ct. 2740 and 2762 (2000).

Asserting that neither the legislative history nor the statutory structure of the FLSA evidences Congressional intent that common law principles of preclusion should not apply to FLSA claims, defendants argue that the unreviewed TWC fact-findings at issue are entitled to preclusive effect.[15]  Because, as explained in both Elliott and Astoria, the Supreme Court has long recognized the existence of a presumption that Congress intends for common law principles of preclusion to apply to state administrative fact-finding, the court concludes that defendants' assertion of this presumption shifts to Thakkar the burden of showing that Congress did not intend for common law principles of preclusion to apply to FLSA claims because the federal interests embodied by such claims outweigh the common law policies favoring full faith and credit.

Thakkar disputes the defendants' contention that the FLSA claims at issue in this case are distinguishable from the Title VII and ADEA claims at issue in Elliott and Astoria because "FLSA

---

[15]Defendants' Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata, Docket Entry No. 20, pp. 5-6.

-11-

claims are not governed by a scheme enforced by the EEOC or any like agency,"[16] by asserting that the "U.S. Department of Labor does exactly that."[17]  Thakkar has failed, however, to show that Congress intended the FLSA's administrative scheme to exempt FLSA claims from common law principles of preclusion.  Absent a showing of Congressional intent to the contrary, the court concludes that the FLSA claims at issue in this case are not exempt from common law principles of preclusion.  See Elliott, 106 S.Ct. at 3226 (recognizing a presumption in favor of applying common law doctrines of preclusion to the decisions of state administrative agencies).  Therefore, the court concludes that fact-findings of the TWC are entitled to the same preclusive effect as fact-findings of a state court if, in making the fact-findings at issue, the TWC acted in a judicial capacity and gave the parties a fair opportunity to litigate.  See Stafford, 123 F.3d at 294 (citing Elliott, 106 S.Ct. at 3226).

> (b) Res Judicata (Claim Preclusion) and Collateral Estoppel (Issue Preclusion)

Citing Igal, 250 S.W.3d at 78, defendants have argued that Thakkar's FLSA claims are barred by both res judicata (claims

---

[16]Plaintiff's Response and Opposition to Defendants' Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata, Docket Entry No. 21, p. 2 (quoting Defendants' Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata, Docket Entry No. 20, p. 3).

[17]Id.

preclusion), and collateral estoppel (issue preclusion) because
Texas courts would give the TWC's fact-findings preclusive effect
because the TWC acts in a judicial capacity and affords parties a
full and fair opportunity to litigate.

### (1)  Res Judicata (Claims Preclusion)

Res judicata, or claim preclusion, prevents the relitigation
of a claim or cause of action that has been finally adjudicated, as
well as related matters that, with the use of diligence, should
have been litigated in the prior suit.  See Barr v. Resolution
Trust Corp. ex rel. Sunbelt Federal Savings, 837 S.W.2d 627, 628-29
(Tex. 1992).  "The doctrine is intended to prevent causes of action
from being split, thus curbing vexatious litigation and promoting
judicial economy."  Ingersoll-Rand Co. v. Valero Energy Corp.,
997 S.W.2d 203, 207 (Tex. 1999) (citing Barr, 837 S.W.2d at 629).
The elements of res judicata under Texas law are:  (1) a prior
final judgment on the merits by a court of competent jurisdiction;
(2) identity of parties or those in privity with them; and (3) a
second action based on the same claims that were raised or could
have been raised in the first action.  Iqal, 250 S.W.3d at 86.

> The scope of res judicata is not limited to matters
> actually litigated; the judgment in the first suit
> precludes a second action by the parties and their
> privies not only on matters actually litigated, but also
> on causes of action or defenses which arise out of the
> same subject matter and which might have been litigated
> in the first suit.

Barr, 837 S.W.2d at 630 (emphasis in original).  To determine what
constitutes the subject matter of a suit courts analyze the factual

matters that make up the gist of the complaint, without regard to the form of action. Any cause of action that arises out of those same facts should, if practicable, be litigated in the same lawsuit. <u>Id.</u> at 630-31.

Citing <u>Barr</u>, 837 S.W.2d at 629-31, for its adoption of the transactional test from the <u>Restatement of Judgments</u> for defining a cause of action, defendants assert that "[t]here is no dispute that this lawsuit arises out of the same transaction as the TWC proceeding,"[18] and that "[i]f Mr. Thakkar wanted to pursue the remedies available under the FLSA, he should have filed a lawsuit."[19] However, defendants fail to recognize that under Texas law "judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on <u>causes of action</u> or defenses which arise out of the same <u>subject matter</u> **and which might have been litigated in the first suit**." <u>Id.</u> at 630 (emphasis added). Defendants fail to argue or to make any showing that Thakkar's FLSA claims might have been litigated before the TWC. The FLSA allows suits to be filed in either state or federal court under 29 U.S.C. § 201. State and federal courts have concurrent jurisdiction to hear FLSA claims. 29 U.S.C. § 216. Defendants do not argue, and the court does not find, that the TWC had jurisdiction to hear Thakkar's FLSA claims.

---

[18]Defendants' Reply in Support of Motion for Summary Judgment on the Basis of Res Judicata, Docket Entry No. 14, p. 2.

[19]<u>Id.</u>

Thus, the court concludes that Thakkar's FLSA claims are not barred by res judicata or claim preclusion because these claims could not have been litigated before the TWC.  See Harrison v. Gemdrill International, Inc., 981 S.W.2d 714, 718 (Tex. App. -- Houston [1st Dist.] 1998, pet. denied) (res judicata does not bar a claim if the court rendering judgment in the initial suit lacked subject-matter jurisdiction over the claim).

### (2)  Collateral Estoppel (Issue Preclusion)

Collateral estoppel, also known as issue preclusion, is narrower than res judicata.  See Avila v. St. Luke's Lutheran Hospital, 948 S.W.2d 841, 847-48 (Tex. App. -- San Antonio 1997, writ denied).  Collateral estoppel bars only the relitigation of identical issues of fact or law that were actually litigated and essential to the judgment in a prior suit; collateral estoppel does not bar issues that might have been, but were not, raised and adjudicated in a prior proceeding.  Id.  The following elements are necessary to establish collateral estoppel:  (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.  Id. at 848.

Defendants contend that Thakkar's FLSA claims are precluded by collateral estoppel because one of the precise fact issues in this action -- whether Thakkar worked overtime hours -- was adjudicated before the TWC and decided against Thakkar.

-15-

(i)  TWC Proceedings

Thakkar is a former employee of GM Video.  On December 13, 2007, Thakkar filed a wage claim with the TWC seeking unpaid wages and overtime.[20]  On July 9, 2008, the TWC entered a Preliminary Wage Determination Order dismissing Thakkar's claim.[21]  Thakkar appealed the dismissal of his claim, and on August 14, 2008, an evidentiary hearing conducted by telephone was initiated and continued on September 18, 2008.  On September 22, 2008, a hearing officer for the TWC Wage Claim Appeal Tribunal issued a Texas Payday Law Decision finding that "the claimant has been paid for all hours worked by him, and that he did not work any overtime."[22]  The hearing officer explained that

> [t]estimony from both parties and documentary evidence established the following facts:  The claimant worked at GM Video.  This is a partnership owned by Gimhana Balasuriya and Theres Lowe.  The claimant was employed by this employer from August 24, 2007, to November 25, 2007, as a cashier being paid $8.75 per hour. . . . The claimant was working three days per week for the employer (Friday, Saturday, and Sunday).  The claimant was scheduled to work from 8:00 p.m. to 8:00 a.m. each of these days.
>
> The employer kept track of the hours that the claimant worked by writing them in a book each day.

---

[20]See Exhibit 1 attached to Declaration of Theres M. Lowe (Lowe Declaration) attached to Defendants' Motion for Summary Judgment on the Basis of Res Judicata (Defendants' Motion for Summary Judgment), Docket Entry No. 7.

[21]See Exhibit 2 attached to Lowe Declaration, attached to Defendants' Motion for Summary Judgment, Docket Entry No. 7.

[22]See Exhibit 3 attached to Lowe Declaration, attached to Defendants' Motion for Summary Judgment, Docket Entry No. 7, p. 3.

The claimant submitted a record of the hours that he
worked each day.  These documents were created by the
claimant after talking with a Labor Law investigator.
The claimant asserted that they might not be correct.

. . .

By a preponderance of the evidence, and because the
employer kept a record of the hours worked by the
claimant each day, and the claimant's records were
created after talking with a Labor Law investigator, this
hearing officer finds the employer's records more
credible.[23]

On November 20, 2008, the TWC denied Thakkar's appeal from the

Wage Claim Appeal Tribunal decision.[24]  On January 20, 2009, the TWC

denied Thakkar's motion for rehearing.[25]   Following Thakkar's

failure to seek judicial review in state court,[26] Balasuriya and

Lowe paid $0.87 as ordered by the TWC.[27]

(ii)  Preclusive Effect of TWC's Fact-finding

The claim that Thakkar presented to the TWC was for unpaid

wages and overtime.  The TWC's findings that Thakkar had been "paid

---

[23]Id. at 2.

[24]See Exhibit 4 attached to Lowe Declaration, attached to
Defendants' Motion for Summary Judgment, Docket Entry No. 7.

[25]See Exhibit 5 attached to Lowe Declaration, attached to
Defendants' Motion for Summary Judgment, Docket Entry No. 7.

[26]See Texas Labor Code § 61.062(a) ("A party who has exhausted
the party's administrative remedies under this chapter, other than
a motion for rehearing, may bring a suit to appeal the order.");
and § 61.062(d) ("An appeal under this subchapter is by trial de
novo with the substantial evidence rule being the standard of
review in the manner as applied to an appeal from a final decision
under Subtitle A, Title 4.").

[27]See Exhibit 6 attached to Lowe Declaration, attached to
Defendants' Motion for Summary Judgment, Docket Entry No. 7.

for all hours worked by him, and that he did not work any overtime,"[28] resolved disputed issues of fact that were essential for the TWC's written order that Thakkar's claim for unpaid overtime wages lacked merit.

Thakkar does not argue that the TWC failed to afford him a full and fair opportunity to litigate the issue of whether he had worked overtime hours.  Instead, Thakkar has made bare and unsubstantiated allegations that the defendants in the TWC proceeding presented false evidence and testimony.  These allegations are not sufficient to establish that Thakkar did not have a full and fair opportunity to litigate the fact issues before the TWC.  The TWC record attached to the defendants' motion for summary judgment establishes that Thakkar had ample opportunity to litigate his claim for unpaid wages and overtime by presenting evidence and being personally involved in the TWC's multi-layered administrative review process.  The facts that Thakkar may not have been represented by an attorney and may not have presented all of the available evidence, do not negate the fact that the TWC administrative process in which he participated afforded him a full and fair opportunity to litigate the questions of whether he had worked any overtime and whether he had been paid for all the hours he had worked.  It is undisputed that the TWC proceeding cast Thakkar in an adversarial position to his employers who are the defendants in this action.

_____

[28]See Exhibit 3 attached to Lowe Declaration, attached to Defendants' Motion for Summary Judgment, Docket Entry No. 7, p. 3.

The TWC's findings that Thakkar had been "paid for all hours worked by him, and that he did not work any overtime,"[29] are entitled to preclusive effect in the instant case because the TWC's finding that Thakkar had not worked any overtime hours was essential to the TWC's determination that Thakkar was not entitled to the unpaid wages and overtime that he sought before the TWC. The TWC accorded Thakkar a full and fair opportunity to litigate the issue, and the TWC proceeding cast Thakkar as an adversary to his employers who are the defendants named in the instant action. See Avila, 948 S.W.2d at 848.  The court's conclusion -- that the TWC's findings that Thakkar did not work any overtime hours and was paid for all the hours that he worked are entitled to preclusive effect -- is fatal to the FLSA claims that Thakkar has alleged in the instant action because in order to prevail on those claims Thakkar must prove that he worked overtime hours for which he was not compensated.

## IV.  Order

For the reasons explained above, Defendants' Motion for Reconsideration of Order Denying Summary Judgment on the Basis of Res Judicata (Docket Entry No. 20) is **GRANTED,** the court's August 6, 2009, Memorandum Opinion and Order (Docket Entry No. 17) denying Defendants' Motion for Summary Judgment is **VACATED**, and

---

[29]Id.

Defendants' Motion for Summary Judgment on the Basis of Res Judicata (Docket Entry No. 7) is **GRANTED.**

      **SIGNED** at Houston, Texas, on this 9th day of September, 2009.

                                    SIM LAKE

                  UNITED STATES DISTRICT JUDGE